IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# FELIX WILKEY, ET AL. v. RHEA COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Chancery Court for Rhea County**
**No. 8924     Jeffrey F. Stewart, Chancellor**

———————————

**No. E1999-00307-COA-R3-CV - Decided June 20, 2000**

———————————

The plaintiffs, Felix Wilkey and Bruce Ballard ("the buyers"), brought this action against Rhea County, and the Rhea County Board of Education[1] (collectively "the County"), seeking rescission of a contract to purchase real property. The buyers had purchased a parcel of real estate known as the Walden Ridge School property from the County at public auction. After the sale, the buyers discovered that, prior to the sale, the County had conveyed a portion of the advertised property to a third party. Following a bench trial, the court below reformed the buyers' warranty deed so as to grant to them the 7.94 acres actually owned by the County. In addition, the trial court awarded the buyers $20,000 as damages, reflecting a 20% abatement of the purchase price. The buyers appeal, arguing that the trial court erred in failing to order a rescission of the contract. The County argues that the deficiency in acreage is insufficient to justify any relief. The County also argues that even if the buyers are entitled to an abatement of the purchase price, the trial court's award is excessive.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

SUSANO, J., delivered the opinion of the court, in which GODDARD, P.J. and SWINEY, J., joined.

William G. McPheeters and Rebecca L. Hicks, Dayton, Tennessee, for the appellants, Felix Wilkey and Bruce Ballard.

William A. Lockett and Michael A. Kent, Chattanooga, Tennessee, for the appellees, Rhea County, Tennessee, and Rhea County Board of Education.

**OPINION**

———————————

[1]The buyers also sued Billy Ray Patton, County Executive, and John Mincy, Chairman of the Rhea County School Board. Patton and Mincy were dismissed in their individual capacities. Their dismissal is not an issue on this appeal.

The Walden Ridge School property is part of a tract of approximately 12.6 acres, which is triangular in shape and borders State Highway 30 on the north.[2] At some point prior to February, 1997, the County determined that the Walden Ridge School property was surplus property and that it should be sold at public auction. In advertising the auction, the County described the property for sale as including a 10,664 square foot school building and 10.02 acres with "excellent highway frontage on Highway 30." A brochure promoting the auction includes a blown-up section of the tax assessor's map, indicating that the subject property consists of 10.5 acres. The exact amount of road frontage was not stated in the advertising material or the brochure.

On the day of the auction, the auctioneer announced that the acreage was 10.5 acres, not the 10.02 as previously advertised. Bruce Ballard, one of the plaintiffs, testified that the auctioneer also announced at the auction that the property had "close to 700 foot road frontage."[3] At trial, the auctioneer denied making any announcements regarding frontage. In any event, Ballard was the successful bidder at $100,000. He signed a sales agreement with the County, which agreement provides that the 10.5 acre tract was sold in "as is condition." Ballard and his business partner, the plaintiff Felix Wilkey, received a warranty deed, in which the County purported to convey 10.5 acres, more or less, and 694 feet of road frontage on Highway 30.

After receiving their deed, the buyers had the property surveyed. As a result of the survey, the buyers learned that 3.02 acres of the tract purportedly conveyed to them by the County had been conveyed by the County to M.E. Romines in 1960.[4] The survey reveals that the buyers in fact received only 7.94 acres with 360 feet in road frontage, instead of the 10.5 acres and 694 feet of road frontage called for in the deed.

A bench trial was held on May 3, 1999. At the conclusion of the proof, the trial court announced its findings from the bench. It found that the County had breached the covenant of seisin contained in the warranty deed. To determine whether rescission or an abatement of the purchase price was warranted, the trial court reviewed the facts to determine the materiality of the breach. It determined that the greatest damage that the buyers perceived they had suffered was the loss in the amount of road frontage. The court, however, found that there had not been "a clear understanding

---

[2]The other portion of the tract, which is approximately 1.78 acres, was excepted out of the conveyance to the buyers and is not in dispute.

[3]He admitted on cross examination that his answers to interrogatories reflect his statement that the auctioneer said only that there was "substantial footage" when he made his opening remarks at the auction.

[4]The tax assessor's map apparently failed to reflect the effect of this transaction.

or misrepresentation as to what the frontage was." Rather, it found that the mistake made by the parties was "as to the total tract of land"; therefore, the court determined that rescission of the contract was not justified under the circumstances. The court thus awarded damages based upon the proportion of land that the buyers lost, which the court calculated to be approximately 20%. The buyers were thus awarded $20,000 in damages. This appeal followed.

## II.

In this non-jury case, our review is *de novo* upon the record of the proceedings below. Tenn. R. App. P. 13(d). That record comes to us with a presumption of correctness -- a presumption that we must honor unless the evidence preponderates against the trial court's factual findings. *Id.* The trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996).

## III.

The buyers contended below that they were entitled to rescission on three grounds: (1) breach of the covenants of seisin and warranty of title; (2) mutual mistake; and (3) fraud or misrepresentation.[5] While the trial court decided this case on the basis of a breach of the covenant of seisin, we prefer to base our decision on the issue of mutual mistake.

We find that the buyers are entitled to relief because the parties involved in this transaction were mutually mistaken as to whether the County owned the entire 10.5 acre tract it purported to sell at auction. A mutual mistake of fact may be a ground for relief if (1) the mistake is in regard to an issue material to the transaction; (2) the mistake was not due to the plaintiff's negligence; and (3) injury to the plaintiff resulted. *Robinson v. Brooks,* 577 S.W.2d 207, 209 (Tenn. Ct. App. 1978)(quoting 17A C.J.S. *Contracts* § 418(2)). The mistake may result from "unconscious ignorance or forgetfulness of the existence or nonexistence of a fact material to the contract...." *Id.* (quoting 17 C.J.S. *Contracts* § 135). Whether the mistake is in regard to a "material" issue necessarily depends on the facts and circumstances of each case. *Id.* In the instant case, the evidence preponderates that the parties involved mistakenly believed that the County owned the entire 10.5 acre tract. Clearly, whether a vendor actually owns the property to be conveyed is an issue material to a real estate transaction. This mistake was not due to the buyers' negligence. Finally, we find that the mistake resulted in injury to the buyers. They received only 7.94 acres of the approximately 10.5 acres announced at the auction. Moreover, they were damaged in that they received only 360 feet of road frontage, which is only 52% of the frontage described in their deed. The evidence clearly preponderates that the buyers are entitled to relief on the basis of mutual mistake.

---

[5]At the commencement of the trial, the court dismissed the plaintiffs' negligent misrepresentation count on the ground that the claim sounded in tort, was governed by the Governmental Tort Liability Act, and must be pursued in circuit court. In view of our disposition of this appeal, we do not find it necessary to determine the correctness of this ruling.

The County argues that the buyers are not entitled to any relief because the sale was in gross, and not by the acre. It cites several cases[6] holding that a purchaser, who did not receive the amount of acreage stated in the deed, was not entitled to relief because the sale was deemed in gross. These cases are distinguishable from the instant case. As we noted in another case:

> This problem is not one of a 300-acre tract of mountain land ending up 75 acres short. Rather, we have a situation where the buyers were shown land not owned by the sellers and the sellers, by warranty deed, attempted to convey that land to the buyers. *It is a matter of title, not acreage.*

*Tidwell v. Van Deventer,* 686 S.W.2d 899, 903 (Tenn. Ct. App. 1984)(emphasis added). Therefore, we find that the issue of whether the sale here was a sale in gross or by the acre to be irrelevant. Here, the deed purports to convey property that the County did not own. This is a very different situation from the cases relied upon by the County. The County's argument is found to be without merit.

The County also contends that the "as is" clause contained in the parties' sales agreement is a defense to the buyers' claim of mutual mistake. It cites our decision in *Atkins v. Kirkpatrick,* 823 S.W.2d 547 (Tenn. Ct. App. 1991), in support of this argument. In *Atkins,* we found that the parties were mutually mistaken about the suitability of a lot for a residential building site; nevertheless, we affirmed the trial court's denial of rescission of the contract for mutual mistake. *Id.* at 553-54. We found that the "as is" clause contained in the sales contract allocated the risk of unknown defects in the condition of the property to the purchaser. *Id.* at 554. We do not find that the "as is" clause in the instant case allocated to the buyers the risk of the County not owning the property that it sold at public auction. As we noted in *Atkins,* "as is" clauses refer to *defects in the condition* of the property that were unknown at the time the contract was executed. *Id.* at 554. We do not find that the "as is" clause defeats the buyers' claim for mutual mistake in the instant case because the parties' mistake related to the ownership of the tract, not its condition. The County's argument in this regard is also found to be without merit.

The next step in our analysis is to determine whether the buyers are entitled to rescission, as opposed to damages, based upon the parties' mutual mistake.

The equitable remedy of rescission is "available only under the most demanding circumstances." *Robinson,* 577 S.W.2d at 208. Rescission is not appropriate where an adequate remedy at law, such as damages, exists. *Chastain v. Billings,* 570 S.W.2d 866, 868 (Tenn. Ct. App. 1978). The decision to grant rescission is a matter resting in the sound discretion of the trial court,

---

[6]*Faithful v. Gardner*, 799 S.W.2d 232 (Tenn. Ct. App. 1990); *Evins v. Price*, 477 S.W.2d 204 (Tenn. Ct. App. 1971); *Acuff v. Allen*, 191 S.W.2d 196 (Tenn. Ct. App. 1945); *Gottschall v. Fenn*, 1986 WL 655 (Tenn. Ct. App. E.S., filed January 7, 1986).

and we will not disturb a court's decision absent an abuse of that discretion.  *See **Vakil v. Idnani,*** 748 S.W.2d 196, 199 (Tenn. Ct. App. 1987).

We find that the trial court erred in failing to grant the buyers rescission.  We do not find an award of damages to be an adequate remedy under the facts of this case.  The warranty deed to the buyers recites that the tract contains approximately 10.5 acres with 694 feet of road frontage; the buyers received only 7.94 acres and only 360 feet of road frontage.  As to the road frontage, the buyers received roughly *half* of the frontage described in the deed.  It goes without saying that the amount of highway frontage is usually an important consideration in determining the value of a piece of property with commercial potential.  Under these circumstances, money damages is simply not an adequate remedy.  Therefore, we find and hold that rescission is appropriate.[7]

IV.

The judgment of the trial court is reversed.  Costs on appeal are taxed to the appellees.  This case is remanded for the entry of an order rescinding the sale of the subject property and decreeing such ancillary relief as is necessary to restore the parties to their status existing before their performance under the contract of purchase.

---

[7]Because of our holding that the buyers are entitled to rescission based upon mutual mistake, we do not find it necessary to address the other bases of the buyers' claim for relief.